BOARD OF IMPROVEMENT OF SEWER IMPROVEMENT DISTRICT No. 1 OF FAYETTEVILLE *v.* POLLARD.

Opinion delivered March 27, 1911.

1. IMPROVEMENT DISTRICTS—NECESSITY OF BENEFIT.—Special assessments for local improvements can be made and collected only on account of the special and peculiar benefits which such improvements bestow upon the property assessed. (Page 549.)

2. SAME—POWER TO CREATE.—The power to form local improvement districts and to levy assessments for the improvements made therein belongs primarily to the Legislature, which it may exercise directly or through local agencies which it may establish. (Page 549.)

3. SAME—CONCLUSIVENESS OF ASSESSMENT OF BENEFITS.—The determination by a city or town council of the amount of benefits to accrue to lands in improvement districts established by it is not beyond judicial review; and when assessments are levied on property regardless of

benefits, or where it is shown that no benefit can possibly accrue to the land from the improvement, relief can be sought in the courts against the collection thereof. (Page 549.)

4. SAME—PRESUMPTION OF BENEFIT.—As city councils are authorized to fix the boundaries of an improvement district, it is presumed that property included therein will be benefited by the improvement; and this presumption is conclusive save when the assessment is attacked for fraud or demonstrable mistake. (Page 549.)

5. SAME—FRAUD OR DEMONSTRABLE MISTAKE.—Fraud or demonstrable mistake in including property in an improvement district can occur only when the assessments are levied regardless of benefits or by reason of manifest prejudice against the owner or in a total disregard of his rights. (Page 550.)

6. SAME—VALIDITY OF ASSESSMENT OF BENEFITS.—An assessment of property in an improvement district is not void because the benefits assessed against it are exorbitant. (Page 550.)

7. SAME—IRREGULARITIES—LIMITATION.—Under Kirby's Dig., § 5685, where a landowner neglects to appeal to the city council within ten days after publication of the assessment list, or to begin legal proceedings, within thirty days after publication of notice of the passage of the ordinance, to correct or invalidate the assessment, he is barred from objecting thereafter to the assessment as being excessive. (Page 550.)

8. SAME—VALIDITY OF ASSESSMENT.—A chancery court cannot invalidate an assessment for local improvement upon the ground that the property was not benefited if it appears from any substantial testimony that the property receives any benefits from the improvement. (Page 552.)

9. SAME—NEW ASSESSMENTS.—The statutes do not provide for a new assessment to be made by the board of assessors of an improvement district after their assessment has been duly filed and has become effective. (Page 552.)

Appeal from Washington Chancery Court; *T. H. Humphreys*, Chancellor; reversed.

*McDaniel & Dinsmore*, for appellant.

1. The allegation in the complaint of the assessment and nonpayment of this local tax was all that was required of the plaintiff to make a *prima facie* case. Kirby's Dig. § 5691.

2. The statute is not in conflict with § 22, art. 2, Constitution of Arkansas, for § 23 of that article and § 27, art. 19, confer authority for such legislation. 42 Ark. 152; 69 Ark. 68; 59 Ark. 513. Ample opportunity is given to parties aggrieved to appeal to the city council and the courts to protect their rights. This

is "due process of law." Hence our law does not violate the Fourteenth Amendment. 140 U. S. 316; 42 Ark. 152.

3. No authority is conferred upon the board to make a new or second assessment. Kirby's Digest, § 5677; 86 Ark. 1.

4. No *fact* or *circumstance* of fraud or "demonstrable mistake" is shown. A general charge of fraud or mistake is bad on demurrer. 17 Ark. 445; *Ib.* 603; 34 *Id.* 169; 35 *Id.* 555. No lack of benefits is shown. 21 Ark. 60; 59 Ark. 513.

If the district is legally formed, the assessment cannot be defeated by showing no special or peculiar benefits. 84 Ark. 257; 90 Ark. 38, 39; 81 Ark. 217. Mere errors of judgment cannot be corrected by the courts. Cases *supra.*

*LeRoy A. Palmer* and *A. B. Stone*, for appellees.

1. The assessment was the result of fraud and demonstrable mistake. Whether or not property is benefited specially is a question of fact. 25 Ark. 39. The listing of lands for taxation raises a presumption of benefits, but this presumption may be rebutted. 21 Ark. 60. The assessment fails if it is shown that the land is *not* benefited.

2. The question of a second assessment is not involved in this case.

3. A second survey cannot make good the lack of benefits in the original plan. 50 Ark. 129. There can be no assessment for cost of sewers, etc., on property too remote to confer benefits 158 Ill. 280; 56 N. E. 1096; 23 Barb. 166; 33 Kan. 156; 5 Pac. 781; 11 Neb. 37; 140 Ill. 440; 163 Ill. 505; 177 *Id.* 459; 178 *Id.* 499. Nor can the possibility of pretended benefits to accrue in the future render property liable. 132 Ill. 100; 140 *Id.* 440; 147 *Id.* 327; 45 Kan. 312; 11 Neb. 37; 179 Penn. St. 490; 36 Atl. 209; 48 N. E. 155; 53 N. J. L. 330; 21 Atl. 453; 37 N. J. L. 330; 60 *Id.* 168; 37 Atl. 737; 46 N. Y. 178; 84 N. Y. 108; 44 Kan. 137; 24 Pac. 64. Assessments beyond actual benefits are void. Brown on Fourteenth Amendment, 158, 165; 172 U. S. 269; 92 Texas 685; 154 Ind. 467; 64 Ga. 783; 35 Mich. 155.

4. Where an assessment is made arbitrarily, capriciously and not in the exercise of a fair, unprejudiced judgment, it may be set aside, regardless of a narrow statutory remedy, which at best is intended to adjust merely administrative irregularities. 52

Wis. 98; 49 *Id.* 47; 42 *Id.* 108; 18 *Id.* 92; 97 Cal. 305; 89 Wis. 347. See also 71 N. Y. 311; 123 *Id.* 35; 32 Ill. 192; 29 N. J. Law, 449; 38 N. J. Eq. 190; 49 Cal. 229. An arbitrary assessment without benefits is a constructive fraud and can be relieved against by courts of equity. 103 Fed. 362; 172 U. S. 269; 133 Ala. 587; 101 Ga. 696; 121 Ill. 128; 137 Ill. 51; 154 Ind. 652; 56 Md. 1; 57 Miss. 378; 34 Ohio St. 551; 16 Or. 450; 44 Vt. 174; 95 Ill. 346; 98 Ill. 94; Cooley on Taxation, vol. 2, p. 1459. See also Page & Jones, Taxation, 677; *Ib.* 790; 32 Mich. 119; 119 Cal. 604; Cooley on Tax. (3 ed.) 1459; 187 Ill. 12; 64 Ga. 783; 131 Iowa 659; 1 Story, Eq. Jur. 186; Hamilton on Special Assessments, 241, 551-2-3-4-5. All these cases and many others hold that fraud and demonstrable mistake avoid an assessment. 118 Wis. 254; 95 N. W. 126; 106 Wis. 200; 99 *Id.* 129; 92 *Id.* 429; 2 Desty on Tax. 894; 2 Cooley, Tax. (3 ed.) 1209.

Appellees are not barred by our statutes. Kirby's Dig. § 5685; Const. art. 2, § 22 and § 24, art. 5; art. 26, § 13; Kirby's Dig. § 5780; 181 U. S. 32; 189 *Id.* 419; 188 *Id.* 239; 16 Pa. 256; 40 Wis. 324; 6 Ark. 358. Statutes of limitation cannot affect the general doctrines of equity. 49 N. Y. 362; 74 N. Y. 194; 154 N. Y. 570. The Legislature cannot interfere with the constitutional powers of a court of chancery. 75 Mich. 282-5; 15 Wall. 547; 6 Houst. (Del.) 108; 24 N. J. Eq. (10 C. E. Gr.) 200; 25 Neb. 345. Fundamental rules of equity forbid the assertion of such a statutory bar. 39 W. Va. 75; 27 Am. Rep. 548; 173 Ill. 205; 33 Kans. 156; 62 Md. 225; 53 Neb. 164; 24 Mo. 20; 44 Neb. 223; 93 Pac. 231; 115 N. W. 957.

5. Courts of equity are prompt to arrest the evil effects of statutes of limitation and conclusive estoppels. Cooley on Const. Lim. 522-3 (7 ed.); 8 Mich. 429; 39 *Id.* 168; 74 N. Y. 194; 59 Mich. 355; 4 Met. (Ky.) 292; 5 Munf. (Ky.) 364; 7 *Id.* 162; 6 Biss. (U. S.) 79; 135 N. Y. 159; 22 Ark. 332; 21 N. J. Eq. 424. Section 5685, Kirby's Digest, only applies to administrative irregularities. Usurpation by limitation laws will not be tolerated in equity. Equity abhors constructive limitations, forfeitures and estoppels and conclusive probative presumptions. 21 Ark. 60; 71 Ark. 17; 78 *Id.* 580; 80 *Id.* 462; *Ib.* 316; 81 *Id.* 80.

Frauenthal, J. This was an action instituted by the Board of Improvement of Sewer Improvement District No. 1 of the City

of Fayetteville to recover the annual assessment for the year of 1909 levied upon the land of defendants situated in said sewer district for the benefits accruing thereto by reason of the construction of a sewer improvement. The defendants resisted the enforcement of the assessment upon the ground that said land received no benefit from the construction of said sewer system. They averred that the assessment of their land for such benefits was either the result of fraud or demonstrable mistake on the part of the board of assessors, and for that reason was void; and they sought to enjoin the collection of any future assessments thereon.

From the pleadings and testimony, it appears that this sewer improvement district was duly established by the city council of Fayetteville on September 19, 1906, and embraced the entire city; and that, after the filing of the requisite petition in manner prescribed by the statute, a board of assessors was appointed, who assessed the value of the benefits against the various lots and tracts of real estate situated therein. The provisions of the statute were duly complied with in the matter of filing said assessments, and thereafter, on July 26, 1907, the city council duly passed its ordinance levying upon each tract and lot the benefit so assessed, and providing that the annual installments thereof should be paid on the 25th day of September, 1907, and of subsequent years. The defendants made no appeal from the action of the board of assessors in making said assessment of their property, and filed no proceeding for the purpose of correcting or invalidating the same. It was alleged in the complaint that the annual assessment due September 25, 1909, only was unpaid, and it does not appear from the testimony that the defendants are in default in paying the assessments due for the years 1907 and 1908.

The land of the defendants is situated in the extreme southwest portion of the city, and the nearest point at which any sewer pipe or main approaches it is on Hill Street, about 500 feet from the eastern boundary of the land, and about 1,400 feet from the dwelling thereon. The land lies about 35 or 40 feet below the grade of Hill Street. The testimony on the part of the defendants tended to prove that on this account it would be impractical to connect the land with the sewer mains as now located, and that

for this reason the present location of the sewer improvement could in no possible way benefit the land.

On the other hand, the testimony on the part of the plaintiff tended to prove that a line of pipe could be run through the southeast corner of this land for a distance of probably 1,100 feet to a manhole on the town branch, the bottom of which is 50 feet lower than the elevation of this land, and that by this connection the sewage on this land could be practically and successfully drained therefrom. The establishment of this line, under the testimony, is contemplated by the plaintiff, although the testimony tends to prove that it would be quite expensive.

The testimony on the part of the plaintiff tended further to prove that by the construction of this sewer system in the proximity of the defendant's land benefits were received by it by reason of the improved sanitation.

The chancellor found that the property was not benefited by the improvement, and on that account the assessment thereof was made either through "fraud or demonstrable mistake," and thereupon entered a decree dismissing the complaint and enjoining the plaintiff from collecting any future assessments on said land.

It will thus be seen that the sewer improvement district was established in the manner provided by the statutes, and that the steps providing for the assessment of the benefits were taken in the time and manner therein prescribed. It is not urged by defendants that there was any illegality or irregularity in the formation of this district, or that any provision of the statutes was not complied with either in the time or manner of making the assessments. The sole contention made by defendants is that their lands did not receive any benefit from the construction of the sewer improvement, and on account of its location and the topographical conditions surrounding it it cannot receive any benefits therefrom. On this account they contend that the assessments made for these alleged benefits upon their land are illegal and void. On the contrary, the plaintiff contends that under the provisions of the statutes there was provided for the defendants a time and a forum in which to attack said assessments on account of any illegality or excessiveness thereof, and this they failed to do, and that they are now precluded from making objection thereto.

It has been repeatedly held that special assessments for local improvements can be made and collected only on account of the special and peculiar benefits which such improvements bestow upon the property which is assessed. As is said by Mr. Justice BATTLE in the case of *Rector* v. *Board of Improvement,* 50 Ark. 116: "They are based upon the assumption that the persons upon whose property they are imposed are specially and peculiarly benefited in the enhancement of their property by the expenditure of the money collected on the assessment." The principle upon which these assessments for local improvements are made is that by reason of the benefits received no pecuniary loss can be suffered by the owner of the property in paying therefor. Therefore, where no benefits can accrue, the property should not be made the subject of special assessment. *Kansas City, P. & G. Ry. Co.* v. *Waterworks Imp. Dist.,* 68 Ark. 376; *Kirst* v. *Street Imp. Dist.,* 86 Ark. 1.

The power to form improvement districts and to levy assessments for the payment of the improvements made therein belongs primarily to the Legislature; but the Legislature has the authority to exercise this power directly or through local agencies which it may establish, and it has imposed the duty of forming such improvement districts within the limits of towns and cities upon the various councils thereof. Such agencies, when authorized by the Legislature, have the same power to form such improvement districts and to levy the assessments upon the lands situated therein for the construction thereof; but they can have no greater power in this regard than the Legislature itself. It has been held by this court that the legislative determination of the amounts and benefits to accrue to lands in improvement districts established by it is not entirely beyond judicial review; and that when such assessments are levied on property regardless of benefits, or where it is shown that no benefit can possibly accrue to the land from the improvement, relief can be sought in the courts against the collection thereof. *St. Louis S. W. Ry. Co.* v. *Red River Levee Dist.,* 81 Ark. 562; *Coffman* v. *St. Francis Drainage Dist.,* 83 Ark. 54; *Moore* v. *Board of Directors, ante* p. 113. And this likewise applies to local improvements in towns and cities. But the city council is invested by law with the authority to fix the boundaries of improvement districts; and, when it has acted, it is

presumed that the property included therein will be benefited by the improvement. In the case of *Little Rock* v. *Katzenstein,* 52 Ark., 107, Mr. Justice SANDELS, speaking for the court, said that the action of a city council in including property in an improvement district is conclusive of the fact that it is adjoining the property to be affected, except when attacked for "fraud or demonstrable mistake." But such fraud or demonstrable mistake can occur only when the assessments are levied on land entirely regardless of the benefits and by reason of a manifest prejudice against the owner or in a total and reckless disregard of his rights. If the property is benefited to any extent by the improvement, then it can be included in the district; and the mere fact that the benefits assessed against it are exorbitant or excessive would not invalidate the assessments thereon. This view has been expressed several times by this court. In the case of *Lenon* v. *Brodie,* 81 Ark. 208, the court quotes the following language of Judge Cooley with approval: "It has been repeatedly decided that the legislative act of assigning districts for special taxation on the basis of benefits can not be attacked on the ground of error in judgment regarding the special benefits, and defeated by satisfying the court that no special and peculiar benefits are received."

When an improvement district has been established in the manner provided by the statutes, and its boundaries fixed by the city council, it then under the statute becomes the duty of the board of assessors to ascertain the benefits accruing to the lands therein from such improvement. If such board has made a mistake of judgment in the amount of such benefit, then it is provided by the statute that the owner may appeal therefrom to the city council, and his grievance there be heard. It is further provided that the owner shall have a right to begin legal proceedings at any time within thirty days after the publication of the ordinance levying the assessment for the purpose of correcting or invalidating the same. Kirby's Digest, § § 5679, 5685.

By these provisions, a time and a forum is given to the aggrieved owner to correct any mistake of judgment made by the board of assessors in its determination of the benefits accruing to his land, or to invalidate such assessment thereon. By the same statutes it is provided that, if such objection is not made by

the owner within the time therein prescribed, "he shall be forever barred and precluded." Kirby's Digest, § 5685.

By virtue of these provisions of the statute, as is said in the case of *Kirst* v. *Improvement Dist., supra,* a remedy is furnished for every case. "If the benefit to a particular lot has been estimated above its value, the remedy of the owner is by appeal to the city council within ten days after the publication of notice of the filing of the assessment list. If, after the hearing of the appeals and the correction of the list to conform to the findings of the council, it appears that the several assessments of benefit are unjust, discriminatory and not uniform, the individual owner may, within thirty days after the publication of the notice of the passage of the ordinance, institute legal proceedings in the proper forum for the purpose of correcting or invalidating the assessment. The two provisions give to the owner his day in court for remedying any grievance that he may have; and, if no steps are taken within the time limit specified, the assessment of benefits becomes conclusive."

It has been repeatedly held that these statutes provide a reasonable opportunity for the property owner to be heard, and that mere mistakes of judgment relative to the assessment of the benefits upon the land in an improvement district cannot be reviewed by the courts. If any benefit accrues to the land by reason of the improvement, then the owner is precluded after the time given him by the statute from raising any objection thereto. *Lenon* v. *Brodie, supra; St. Louis S. W. Ry. Co.* v. *Red River Levee Dist., supra; Board of Imp.* v. *Offenhauser,* 84 Ark. 257.

It is said in 2 Page & Jones on Taxation (§ 1027): "In many statutes provisions are found which point out the method in which the property owners must object to defects or irregularities in the proceedings. It is generally held that if a fair and ample opportunity is given to the property owner to be heard by virtue of such statutory provision, he must make his objections in the manner pointed out by the statute; and that if he does not object he cannot subsequently resist or attack the assessment for reasons which he might have urged in the method provided for by statute." *Hibben* v. *Smith,* 191 U. S. 310; *Dickson* v. *Racine,* 61 Wis. 545.

The board of assessors has authority, under our statute, to

determine whether or not the property in the district is directly benefited by the improvement, and the amount thereof, and, in the event it has made an error of judgment, the landowner can secure relief therefrom in the manner provided by statute. *Poulsen* v. *Portland,* 1 L. R. A. 673. The mere fact that the amount of the benefits assessed by them is excessive is not sufficient to show either that it was made through fraud or such a mistake as will invalidate the assessment.

Nor will it be sufficient to show by a preponderance of the evidence only that the property was not benefited by the improvement. If it appears from any substantial testimony that the property receives any benefits from the improvement, then the assessment thereof made by the board cannot be invalidated by the court, but the owner can only obtain relief therefrom by proceeding in the manner prescribed by the statute. In such event it cannot be said that the assessment was made either "through fraud or through demonstrable mistake." *Board of Imp.* v. *Offenhauser, supra.*

In the case at bar, while the chancellor found that the property of the defendants was not benefited by the improvement, and his finding is sustained by a preponderance of the evidence, nevertheless there was substantial testimony adduced upon the part of the plaintiff showing that the property received actual benefits from improved sanitation, and that it could be connected with the sewer system so as to successfully drain the sewage from this property and thereby receive benefits. Under such circumstances, the assessment made by them cannot be invalidated or set aside in this proceeding.

It follows, therefore, that the chancellor erred in holding that the assessment of benefits upon this land was void, and in enjoining the collection thereof.

It was also urged by the defendants that in 1909 a new assessment was made of the benefits by the board of assessors, and on this account no recovery could be had upon the original assessment. But the statute does not provide for a new assessment to be made by the board after their assessment has been duly filed and become effective in the manner provided by the statute. It is only provided by the act approved May 28, 1907 (Acts of 1907, p. 1023), that the assessments may be annually readjusted

according to additional improvements placed upon lands, and for the purpose of correcting erroneous descriptions thereof. *Kirst v. Imp. Dist., supra.*

The decree is therefore reversed, and this cause is remanded with directions to enter a decree in favor of the plaintiff.