BAHLAU *v*. BLOOM.

Opinion delivered June 26, 1922.

MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICT—CONSENT OF PROPERTY OWNERS.—Where, under Crawford & Moses' Dig., § 5733, additions were made to an improvement district within a city, without the consent of the property owners in the original district, under Const., art. 19, § 27, requiring property owners to consent to local improvements, the board of improvement had no

power to make one contract and one bond issue for improvements in the original district and the annexed territory, even though this method would be less expensive for the property owners in the original district.

Appeal from Jefferson Chancery Court, *John M. Elliott,* Chancellor; reversed.

STATEMENT OF FACTS.

Appellant, a property owner within a proposed street improvement district in the city of Pine Bluff, Ark., brought this suit in equity against appellees, the members of the board of said improvement district, to restrain them from enforcing the collection of assessments levied against the property of appellant and of all the other property owners within the boundaries of the original improvement district.

The case was tried upon an agreed statement of facts which is substantially as follows: G. A. Bahlau is the owner of the property described in the complaint, and E. B. Bloom, F. D. Willingham and M. H. McGehee were duly appointed as a board of improvement for Paving District No. 52 of the city of Pine Bluff, Ark., which was created for the purpose of paving certain streets in that city. The boundaries of the district are specifically described and the district was organized in the manner provided by the statute. Thereafter, under the provisions of sec. 5733 of Crawford & Moses' Digest, which provides for the annexation of territory to improvement districts in cities and towns, contiguous territory was added to the original improvement district. Six different additions were made to the original district under the section of the digest referred to, and each addition comprised several blocks in the city of Pine Bluff, Ark. An assessment roll of all the several lots and blocks of land comprised in the original district and in all the additions thereto was filed in the office of the city clerk of the city of Pine Bluff, Ark. This assessment roll did not separate the property included in the original district from that included in the various annexations

and contained no separate extension of benefits by reason of the improvement contemplated in the original district, and of any benefits which might accrue by reason of the improvements contemplated in the annexations.

The ordinance of the city council assessed the cost of the entire improvement against all of the property in the original district and in the various annexations thereto as if said improvements were one entire improvement. The contract for constructing the paved streets was let as a whole as if the improvements contemplated in the original district and annexations thereto were one improvement. The board contracted to sell an issue of $107,000 of bonds bearing interest at the rate of 6% per annum for the purpose of constructing the original improvement and the various additions thereto as if a single improvement. It was shown by the testimony of witnesses that the cost would be less by letting one contract for the whole work than if separate contracts were let for the original improvement and the various additions thereto.

Other facts may be stated or referred to in the opinion.

The chancellor was of the opinion that the proceedings of the board were in all respects valid and binding upon the property owners of the original district, and the complaint of the appellant was dismissed for want of equity. The case is here on appeal.

*Rowell & Alexander,* for appellant.

1. The board of improvement adopted only one set of plans and specifications, incorporating the work to be done in the original district and in all of the annexations, whereas, according to law it should have adopted separate plans and specifications for the original district and for each of the annexations.

2. It received bids on all of the work and let a contract therefor, as if the entire work was one project, when, according to law, separate contracts should have been made for the original district and each annexation.

3. It contracted for the sale of one issue of bonds to cover the cost of all the work to be done, contrary to law.

4. Only one assessment roll was prepared and filed containing the assessment of benefits against all of the property both in the original district and the annexations, contrary to law, which requires separate assessment rolls for the original district and each annexation. If the effect of the annexation of property is to place an additional burden upon the property owners in the original district, such annexation cannot be made without their consent. 125 Ark. 57.

*Coleman & Gantt,* for appellees.

1. If the statute means what it says, and the annexed territory becomes a part of the district, the improvements thereafter should be treated as one project; but the record shows that the commissioners had before them at all times all the details necessary to preserve the identity of the various parts. The statutory provision for reporting the plans to the council is directory and not mandatory. *Ingram* v. *Thames,* 150 Ark. 443. Since the making of the report is not jurisdictional, the subsequent proceedings cannot be invalidated because of the form of the report, even if it should be held to be improper.

2. Assuming, as appellant contends, that each annexation must be treated throughout as a separate entity, that would not make it necessary to let separate contracts. 125 Ark. 57; 81 *Id.* 286.

3. This is true with reference to the contract for the sale of bonds.

4. No additional burden could have been put on the property owners in the district as originally organized by the method adopted in the assessment of benefits.

The cost of improvement does not exceed the statutory limit if, when spread over the entire property of the district, including that which has been annexed, it does not exceed the percentage named in the statute. 125 Ark. 57; 143 Ark. 625.

HART, J., (after stating the facts.) It is sought to uphold the decree of the chancery court upon the authority of *White* v. *Loughborough,* 125 Ark. 57. In that case the court upheld the validity of a statute providing for the annexation of territory to an improvement district, and held that the assent of the property owners in the original district to the annexation was not required, because no additional burdens would be placed upon their property, and that the cost of making the additional improvement must be borne by the property within the limits of the annexed territory.

That case does not support the decision of the chancellor, but on the contrary is an authority against it. The court in that case expressly said that, if the effect of the annexation was to place an additional burden upon the owners of real property in the old district, it could not be done without their consent. The reason given was that art. 19, sec. 27, of our Constitution provides, in substance, that local improvements in cities and towns shall be based upon the consent of a majority in value of the owners of real property in the proposed district.

It is true that in the instant case, the evidence tends to show that the method adopted would cost the property owners of the original district less than if a contract had been let and an assessment of benefits made to pave the streets within the boundaries thereof. This, however, is not the test, for the Constitution makes the right to levy assessments for local improvements in cities and towns depend upon the consent of a majority in value of the property holders owning property adjoining the locality to be affected. Where additions are made to the boundaries of an improvement district already organized without the property owners in it having a voice in the annexation, and additional burdens are placed upon their property, it is evident that the constitutional provision just referred to has been disregarded. It does not make any difference that witnesses may think the method adopted will cost the property owners in the original dis-

trict less; for under the Constitution they must have a voice before their lands can be taxed to make a local improvement.

The wisdom of the provision is manifest. To illustrate: the property owners in the original district in the present case are liable for the whole of the bond issue, and their property is liable for assessments to pay the whole cost of the improvement, and that without their having any voice in the matter. A devastating fire might destroy all the improvements in the various annexations and render it necessary to increase the burdens on the property in the original district. Again, if the property in the various annexations were so situated that it should cave into the river, this would greatly add to the burden upon the property in the original district. It does not make any difference that this has not happened. The test is not what has happened, but what might be the consequences to the old district.

The provision of the Constitution under discussion plainly means that no burdens shall be added to the property owners in the original district without their consent. It is true that the agreed statement of facts shows that the annexations were made in the manner provided by the statute, but the board of improvement, under the principles above announced, could not let one contract for making the improvement in the old district and the various annexations thereto. Neither could it make one bond issue serve as if it was an entire improvement. In short, the assessment of benefits in the original district must be made, the contract let, and the bonds issued for the improvement in that district as a single improvement and without any relation to the various annexations thereto.

It follows that the decree must be reversed, and the cause will be remanded for further proceedings in accordance with this opinion and according to the principles of equity.