TAYLOR *v.* BOARD OF COMMISSIONERS OF CACHE RIVER

DRAINAGE DISTRICT No. 2.

Opinion delivered December 11, 1922.

1. DRAINS—LEGISLATIVE APPROVAL OF ASSESSMENTS.—The Legislature may assess betterments in improvement districts and validate assessments made by other agencies, such as drainage commissioners, though such assessments were not approved by the county court.

2. CONSTITUTIONAL LAW—NOTICE OF SPECIAL ACT—LEGISLATIVE QUESTION.—Objection that no notice was given of intention to apply for the passage of a special act cannot be raised in the courts, since that matter is addressed solely to the Legislature.

3. CONSTITUTIONAL LAW—DUE PROCESS—ACT VALIDATING DRAINAGE ASSESSMENTS.—Act No. 273 of Acts Ex. Sess. 1920, confirming drainage assessments made by the board of commissioners of a drainage district, is not arbitrary and capricious in providing that any property owner aggrieved may show cause against his

assessment within twenty days after approval of the act, twenty days for such purpose constituting due process of law.

4. DRAINAGE—COLLATERAL ATTACK ON ASSESSMENT.—The method provided by statute for attacking the validity of an assessment of benefits is exclusive, and a collateral attak upon an assessment which has become final because of the failure to attack it within the time and manner provided by law will not lie unless the assessment is void on its face.

5. DRAINS—VALIDITY OF ACT CONFIRMING ASSESSMENTS.—An attack upon the validity of a special act confirming drainage assessments on the ground that it contains no provisions for assessing damages in favor of landowners whose lands were taken in the construction of the ditch will not be considered where no claim for damages against the district was presented.

6. CONSTITUTIONAL LAW—MANNER OF PASSAGE OF ACT.—Whether the passage of an act was obtained in a fraudulent and surreptitious manner cannot be considered by the courts, which cannot inquire into the motives of the legislators, nor the means by which they were induced to act.

Appeal from Greene Chancery Court; *Archer Wheatley,* Chancellor; affirmed.

*George A. Burr,* for appellants.

The answer set up a good defense. 83 Ark. 54; 172 U. S. 269; 181 U. S. 324; 237 S. W. 80; 131 Ark. 59; 198 S. W. 262; 97 Ark. 334; 86 Ark. 1; 119 Ark. 188; 181 U. S. 324; 181 U. S. 371; 181 U. S. 396; 239 U. S. 478; 216 S. W. 680; 240 U. S. 555; art. 2, sec. 22, Const. of 1874. Equity will relieve from an act of the Legislature procured by fraud. 4 H. & McH. 6; 3 Smed. & Mar. 715; Kerr on Fraud & Mistake, p. 295; 20 Amer. Dec. 372.

*Fuhr & Futrell,* for appellee.

The demurrer was properly sustained. 117 Ark. 30; 138 Ark. 131; 138 Ark. 471; 139 Ark. 130. Act No. 273, Acts of 1920, is valid. 83 Ark. 344; 98 Ark. 113; 112 Ark. 357; 143 Ark. 270; 144 Ark. 632. The answer set up conclusions. 144 Ark. 632; 145 Ark. 51.

*George A. Burr,* for appellants, in reply.

The answer sets up facts. 145 Ark. 51; 144 Ark. 632.

SMITH, J. This suit was brought by the commissioners of a drainage district in Greene County to enforce the payment of certain delinquent drainage assessments against lands lying in that county. The delinquency of the lands was not denied, but the owners filed answers attacking the assessments.

The answers alleged an attempt to organize a drainage district under the provisions of act 279 of the Acts of 1909, which, with the amendments thereto, appear in C. & M. Digest as sections 3607-3654. That assessments of benefits had been made by the commissioners, but had not been approved by the county court, as required by the provisions of the act under which the proceedings were being had. That by a special act of the General Assembly, No. 273, which was passed at the extraordinary session in 1920, the proceeding was lifted out of the county court and the assessments approved and confirmed by said act, subject to a proviso contained therein, that any property owner who felt aggrieved at his assessment might, within twenty days after the approval of the special act, show cause, in the chancery court of Greene County, against said assessments. The act provided that, if such showing was not made within the twenty days limited, the assessments should become final and incontestable. It was alleged in the answers that this special act was passed without notice to the landowners, and that its passage was procured by false representations to the General Assembly concerning its purposes and provisions. It was also alleged that the assessments so approved and confirmed by the General Assembly were arbitrary and confiscatory, in that they were greater than the value of the lands at the time said assessments were confirmed, and larger than the value of the lands will be or would be after the improvement proposed and contemplated by the confirmation was fully completed, and that the effect of said assessments was to destroy the value of the land.

A demurrer to the answers was sustained, and a decree rendered condemning the land to be sold.

The authority of the Legislature to assess betterments in improvement districts has been repeatedly recognized, and the Legislature may validate assessments made by other agencies. *Sudberry* v. *Graves,* 83 Ark. 344; *Moore* v. *Board of Directors,* 98 Ark. 113; *Gibson* v. *Spikes,* 143 Ark. 270; *Burr* v. *Beaver Dam Drainage Dist.,* 145 Ark. 51.

It is true the assessments had not been approved by the county court. But that fact did not deprive the Legislature of its power to approve and confirm them. *McCord* v. *Welch,* 147 Ark. 362; *Payne* v. *Road Imp. Dist. No. 1 of Howard County,* 149 Ark. 491.

The allegation that the landowner had no notice of the pendency of the special act cannot be considered by us, for the reason that this court has many times held that all questions relating to the sufficiency and form and proof of notice of intention to apply to the General Assembly to pass a special act are matters addressed solely to the Legislature. *Gibson* v. *Spikes, supra.*

It is argued that, although the Legislature may make an assessment of benefits in an improvement district, or may validate such an assessment made by some other agency, the Legislature cannot do so arbitrarily and capriciously; and it is insisted that the allegations of the answer are such as to require the courts to review an assessment having legislative confirmation. It appears, however, that the act gave landowners twenty days in which to show cause against any particular assessment; and this court has held that an act giving twenty days for that purpose constituted due process of law. *St. L. I. M. & S. R. Co.* v. *Drainage Dist.,* 138 Ark. 131. The special act provided a forum in which the assessments might be attacked, and gave time for that purpose, and the law is, as announced in numerous decisions of this court, that the method provided by statute for attacking the validity of an assessment of benefits is exclusive, and must be pursued within the time and manner provided by the statute, and that a collateral attack upon such an assessment, which has become final because of the failure

to attack it within the time and manner provided by the law, will not lie unless the assessment is void on its face. *Pierce v. Drainage Dist. No. 17*, 155 Ark. 89, and cases there cited.

Another attack on the special act confirming the assessment of benefits is that it made no provision for the assessment of damages in favor of landowners whose lands were taken in the construction of the ditch. In answer to this attack, it may be said that the case presents no question of the assertion of a claim for damages against the improvement district. The relief prayed is that the payment of delinquent assessments be enforced, and this was the relief granted by the decree appealed from.

The allegation that the passage of the act was obtained in a fraudulent and surreptitious manner is disposed of by the opinion in the case of *Little Rock* v. *North Little Rock*, 72 Ark. 195, where it was said: "It is equally clear that we cannot inquire into the motives of the Legislature in passing the act nor into the means by which they were induced to enact it. The allegation in the complaint that the passage of the act was obtained in a fraudulent and surreptitious manner cannot be considered, for we have no right to inquire into or consider such matters. If courts should enter upon such inquiries, and annul laws because they seem to be unwise or impolitic, or because improper influence was brought to bear upon the Legislature to secure their passage, no one could rely upon any law until it had been submitted to the courts for their approval. The adoption of such a rule would invest the courts with legislative as well as judicial powers, and would be clearly in violation of the provision of our Constitution which declares that one department of the government shall not exercise the powers conferred upon another and different department." See also, the annotated case of *Atchison, T. & S. F. Ry. Co.* v. *State,* 40 L. R. A. (N. S.) 1, 28 Okla. 94, 113 Pac. 921.

No valid defense against the assessments having been shown, a decree directing the sale of the lands for nonpayment thereof was properly entered, and is affirmed.