## MILLER *v.* SEYMOUR.

### Opinion delivered December 18, 1922.

1. MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICTS—ANNEXATION OF CONTIGUOUS TERRITORY.—Where a street improvement district, created under Crawford & Moses' Dig., § 5647 *et seq.*, included all lands one-half block in width on both sides of the street to be improved, the annexation to the district of all lands one-half block in width on both sides of an intersecting street for the improvement of the intersecting street is not void because the two half blocks at the intersection of the two streets are included in the original district as well as in the annexed territory, as the property in question may be benefited both by inclusion in the original district and by the annexation of the contiguous property on the intersecting street.

2. MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICT—ASSESSMENT OF BENEFITS.—Where a portion of a street improvement district was included in territory annexed to such district, the fact that some of the property was included both in the original district and in the annexed territory and is physically affected by both improvements may be considered in assessing the benefits.

Appeal from Jefferson Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*Rowell & Alexander,* for appellants.

The city council had no power to annex to the original district property within the bounds of the original district. The word "contiguous" does not include such lands. 64 Ark. 7; 54 Ark. 321; 54 Ark. 335; Black's Law Dic.

*Coleman & Gantt,* for appellees

The annexation was under authority of § 5733, C. & M. Dig. The word "contiguous" would apply to this land. 130 Ill. 566; 25 R. C. L. 113; 196 Pac. 481; 70 Ark. 451; 1 C. J. 1195; 13 C. J. 110; 54 Ark. 321; 54 Ark. 335; 52 N. W. 951; 80 Atl. 28; 55 Fed. 993; 101 N. Y. S. 367; 64 Ark. 7; 70 Ark. 451; 130 N. W. 246; 158 Ill. 64; 143 Ill. 92; 249 Ill. 260.

McCulloch, C. J. A local improvement district has been created in accordance with general statutes (Crawford & Moses' Digest, § 5647 *et seq.*, in the city of Pine Bluff, to improve Pine Street from Harding Avenue on the south to Martin Street on the north, and said improvement is under way. The district included all real property one-half block in width on both sides of Pine Street the full length of the proposed improvement.

Thirteenth Avenue intersects Pine Street at right angles between Harding Avenue and Martin Street, and the city council passed an ordinance annexing certain territory to the original district for the purpose of improving Thirteenth Avenue from Pine Street to Olive Street. This was done on petition of a majority in value of the owners of real property in the annexed territory, pursuant to the terms of the statute, which provides that when "a majority in value of the owners of real property in any territory contiguous to any improvement district in any city or town desire that said territory shall be annexed to such improvement district, they may present their petition in writing to the city or town council, and the council shall, after notice," etc., pass an ordinance annexing such territory, and "the improvement petitioned for shall be made by the commissioners." Crawford & Moses' Digest, § 5733.

The annexed territory included all real property one-half block in width on both sides of Thirteenth Avenue the full length of the proposed additional improvement. It is thus seen that the two quarter-blocks at the intersection of Pine Street and Thirteenth Av-

enue are included in the original district as well as in the annexed territory, and the point of the present controversy is that this is in contravention of the statute, which provides only for the annexation of territory "contiguous" to the original district. Appellant owns real property included in the annexed territory, and he challenges the validity of the annexation on the ground that the proceeding is not in accordance with the terms of the statute. His contention is that the two quarter blocks described above are not "contiguous" to the original district, being in fact embraced within that district.

This contention involves, we think, too narrow an interpretation of the statute, the purpose of which was, manifestly, to provide for annexation of all territory physically affected by the proposed additional improvement. The territory is annexed as a whole, and any property affected by the additional improvement, which must, of course, be connected with the original improvement, is "contiguous" within the meaning of the statute, even though it is within the original district. In other words, the same property may be affected by both improvements, and may, for that reason, be included in the annexed territory as well as in the original district. The overlapping of the annexed territory and the original district is not in contravention of the terms of the statute. Conceding that this is not within the dictionary meaning of the word "contiguous," it is clearly within the meaning of the language of the statute when considered as a whole.

The annexation of territory is tantamount to the creation of a new district without the imposition of new burdens on the original district, or the assumption of any burdens on the annexed territory for the cost of the original improvement, and property affected by both improvements may be embraced legally in both creations. *White* v. *Loughborough,* 125 Ark. 57; *Bahlau* v. *Bloom,* 154 Ark. 349.

This controversy does not involve the amount of any assessments on annexed territory. Of course, the fact that some of the property is overlapped by the original district and the annexed territory and is physically affected by both improvements, may be considered in assessing the benefits. *McDonnell* v. *Improvement District,* 97 Ark. 334.

This disposes of the only question in the case in accordance with the decision of the lower court, and the decree is therefore affirmed.