### COOPER *v.* HOGAN.

### Opinion delivered March 31, 1924.

1. MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICTS—UNITY.—The statutes relating to the organization of municipal improvement districts contemplate that each improvement shall constitute a single project, and that wholly disconnected improvements cannot be joined in one district.

2. MUNICIPAL CORPORATIONS—CONCLUSIVENESS OF DECISION OF COUNCIL.—The determination of a city council in including property in an improvement district as to the singleness and unity of the improvement project, as well as the selection of the property to be benefited thereby, is conclusive except for fraud or demonstrable mistake.

3. MUNICIPAL CORPORATIONS—UNITY OF IMPROVEMENT.—An ordinance creating a paving district which grouped together streets connected by means of other streets already improved through the agency of other paving districts, *held* not invalid on its face for lack of unity in the proposed improvement.

Appeal from Mississippi Chancery Court; *J. M. Futrell,* Chancellor; affirmed.

*Max B. Reid,* for appellants.

The paving district is void because the portions of streets to be improved are so widely scattered that they cannot constitute a single district. The map exhibited with the complaint, as well as the evidence, discloses the fact that the district is not a district *locality,* but a series of special groups or separated portions of streets to be improved. Constitution, art. 19, § 27; 52 Ark. 107; 19 S. W. 660; 84 Ark. 257.

*Frank M. Douglas, Rose, Hemingway, Cantrell &
Loughborough,* for appellees.

1. It is settled by the decisions of this court (1),
that property adjoining the locality to be affected is any
property adjoining or near the improvement which is
physically affected, or the value of which is commercially
affected, directly by the improvement, in some degree in
excess of the effect upon the property in the city gen-
erally; and (2), that the action of the city council. in
including property in an improvement district is conclu-
sive of the fact that it is adjoining the locality to be
affected, except when attacked for fraud or demonstrable
mistake. 126 Ark. 172; 52 Ark. 107; 70 Ark. 451; 84
Ark. 257.

2. It is no longer open to question that the system
of streets in question constitutes a single improvement.
150 Ark. 127; 135 Ark. 524; 125 Ark. 325; 137 Ark. 354;
139 Ark. 595; 138 Ark. 549; 142 Ark. 552; 144 Ark. 46.

McCULLOCH, C. J. Appellees are the commissioners
of a street paving district, designated as Paving District
No. 2 of Blytheville, Arkansas, organized under the gen-
eral statutes (Crawford & Moses' Digest, § 5647 *et seq.*)
for the purpose of paving certain designated streets; and
appellants are the owners of real property within the
boundaries of the district, which embraces the whole of
the city of Blytheville. There are several streets and
parts of streets to be paved through the agency of this
district, and some of them are not connected with each
other. It appears, however, from the plats and other
portions of the record that all of the streets to be paved
are connected together by other streets improved in like
manner through the agency of other districts. It appears
from the plat and from other portions of the record that
all of the streets in a large portion of the city of Blythe-
ville, including practically all of the business part of the
city, have been paved through the agency of another dis-
trict, and that the streets to be paved in the district now
under consideration, though disconnected from each
other, are connected up with the other paved streets, and,

when all of the improvements are completed, it will constitute a solid area of paved streets in the city.

Appellants instituted this action in the chancery court against appellees to restrain the proceedings on the sole ground that the organization of the district is void (quoting from the complaint) "because the portions of streets to be improved are so widely scattered that they cannot constitute a single district." The validity of the ordinance is not assailed in any other respect, and the question of the amount or validity of the assessment of benefits is not involved. In other words, it is conceded that all of the statutory formalities with respect to the organization of the district have been complied with, and the attack is upon the face of the proceedings and on the ground mentioned above. We have therefore the single question whether or not the organization, on its face, purports to provide for the construction of disconnected projects without real unity, so that the real property in the city will be assessed in the same proportion for separate and distinct improvements.

It may be said, in the beginning, that our statutes on this subject contemplate the organization of districts to construct improvements which constitute single projects, and wholly disconnected improvements cannot be joined together in one district. This is so because special taxation for local improvements must be based upon special benefits to be derived from the construction of the improvement, and property in a given locality cannot be taxed for benefits confined to property in another locality—the benefits must result to the property to be taxed. *Swepston* v. *Avery,* 118 Ark. 294. However, this court laid down the rule many years ago that "the action of a city council in including property in an improvement district is, except when attacked for fraud or demonstrable mistake, conclusive of the fact that such property is 'adjoining the locality to be affected' by the improvement, within the meaning of the Constitution." *Little Rock* v. *Katzenstein,* 52 Ark. 107. This rule necessarily implies that the determination of the city council

as to the singleness and unity of the project, as well as the selection of the property to be benefited thereby, is conclusive, except for fraud or demonstrable mistake. The rule has been thus applied and followed in numerous later decisions of the court. *Matthews* v. *Kimball,* 70 Ark. 451; *Board of Improvement* v. *Offenhauser,* 84 Ark. 257; *Freeze* v. *Improvement District,* 126 Ark. 172; *Bennett* v. *Johnson,* 130 Ark. 507; *Tarvin* v. *Road Imp. Dist. No. 1 of Perry County,* 137 Ark. 354; *Van Dyke* v. *Mack,* 139 Ark. 524; *Booe* v. *Sims,* 139 Ark. 595; *Easley* v. *Patterson,* 142 Ark. 52; *Johns* v. *Road Imp. Districts of Bradley Co.,* 142 Ark. 73; *White* v. *Ark. & Mo. Highway Dist.,* 147 Ark. 160; *Arkansas Foundry Co.* v. *Stanley,* 150 Ark. 127. The same principle was conversely applied in the case of *Bottrell* v. *Hollipeter,* 135 Ark. 315, where we held that the action of the city council in separating projects into different districts, which might in some respects appear to be single, was conclusive, in the absence of demonstrable mistake. Applying that rule to the present case, it cannot be said that the action of the city council in grouping together into a single district the improvement of the streets designated in the organization of this district is invalid. In other words, lack of unity in the project is not so apparent as to manifest a demonstrable mistake which renders the organization of the district void.

The enlargement of the area of improved territory, which is to be accomplished by adding the improvement of the streets included in the present district, and the fact that the new improvement now contemplated will be connected together by other improved streets, presents a situation which fails to demonstrate a mistake in joining together the different parts of this improvement as a single one. The situation is one, rather, which the city council might, or might not, have treated as containing either a single or as several separate projects, according to the judgment of the members of the council, and the determination of the council should not,

under those circumstances, be disregarded by the court as an arbitrary and demonstrable mistake.

We are not dealing now with the question of assessment of benefits, for that must be dealt with in the manner prescribed by statute, where many considerations may be included, such as the proximity to streets to be improved, the fact that property has already been taxed to pay for improvement of intervening streets, as well as other things which affect the question of amount of benefits and uniformity of taxation.

Our conclusion therefore is that the chancery court was correct in its decree, and the same is affirmed.

WOOD and HART, JJ., dissent.