PLEDGER v. SOLTZ.

Opinion delivered December 21, 1925.

1. MUNICIPAL CORPORATIONS—ANNEXATION TO IMPROVEMENT DIS-TRICT—PETITION.—A petition for annexation of territory to a paving district, created under Crawford & Moses' Dig., § 5666, as amended by acts 1921, p. 416, need not, under § 5733, specify the limitation on the cost of the improvement.

2. MUNICIPAL CORPORATIONS—ANNEXATION TO IMPROVEMENT DIS-TRICT—LIMITATION OF COST.—On the annexation of territory to a street improvement district, the cost of the additional improvement, under Crawford & Moses' Dig., § 5733, must be limited to a cost proportionate to that of the original improvement, but such limitation need not be expressed in the petition for annexation.

3. MUNICIPAL CORPORATION—COST OF IMPROVEMENT—CONSTRUCTION OF ACT.—Acts 1925, p. 548, limiting the cost of improvements, does not apply to annexation of territory to a municipal improvement district, but to the formation of the original district, and has no retroactive application where the original district to which annexation was made had been formed prior to the effective date of the act of 1925.

4. MUNICIPAL CORPORATIONS—COST OF IMPROVEMENT—LIMITATION.—On the annexation of territory to a street improvement district, the permissible cost of the new improvement is not controlled by the combined cost of the entire improvement, but the cost of the new improvement is limited in the same proportion to the assessed value of the new territory to be added as the proportionate cost of the original improvement bore to the assessed value of the property in the original district.

Appeal from Jefferson Chancery Court; *H. R. Lucas*, Chancellor; affirmed.

*Coy M. Nixon*, for appellant.

*Coleman & Gantt*, for appellee.

McCULLOCH, C. J. Appellant is the owner of real property in the city of Pine Bluff, situated in territory sought to be annexed to a street improvement district, and he instituted this action to prevent the annexation on the ground that the statute regulating the proceedings had not been complied with.

Paving District No. 84 of the city of Pine Bluff was duly formed by an ordinance of the city council on July

21, 1924, and the organization was completed, and the ordinance finally levying the assessment to pay for the improvement was passed by the city council on March 16, 1925. On July 20, 1925, the proceeding to annex contiguous territory was initiated by the filing with the city council of the petition of a majority in value of the real property in the territory sought to be annexed. Pursuant to this petition, an ordinance was passed by the city council authorizing the annexation, and subsequently appellant instituted this action against the commissioners of the district to restrain further proceedings. The court sustained a demurrer to the complaint and dismissed the action, from which decree an appeal has been prosecuted to this court.

The contention of appellant is that the proceedings for annexing territory are void for the reason that the petition failed to specify any limitation upon the maximum cost of the improvement. This contention calls for a construction of our statute on the subject to determine whether or not the expression of such a limitation in the petition of property owners is required.

The original statute in regard to the formation of municipal improvement districts (Crawford & Moses' Digest, § 5666) provided that "no single improvement shall be undertaken which alone will exceed in cost twenty per centum of the value of the real property in such district as shown by the last county assessment." The General Assembly of 1921 (Acts of 1921, p. 416) amended the statute referred to above by a new statute, which contained the following provision:

"The petition for such improvement signed by a majority in value of the owners of real property in the district shall specify what percentage of the value of the real property in the district, as shown by the last county assessment, the said improvement shall not exceed in cost; and any improvement may be undertaken which in cost does not exceed the percentage of the value of the real property in the district specified in the petition. But, in

determining whether or not said improvement will in cost exceed the percentage of the value of the real property in said district as shown by the last county assessment, interest on borrowed money shall not be computed as part of the cost."

The statute just quoted was in force at the time of the formation of Paving District No. 84 of Pine Bluff, and in the petition of property owners it was specified that the cost of the improvement should not exceed 100 per centum of the value of the real property in the district as shown by the last preceding county assessment. There is no question raised in the present case as to the validity of the organization of the district.

The General Assembly of 1925 enacted another statute amending the act of 1921, *supra,* (Acts 1925, p. 548), and this statute contained the following provision:

"The petition for such improvement signed by a majority in value of the owners of real property in the district shall specify what percentage of the value of the real property in the district, as shown by the last county assessment, the said improvement shall not exceed in cost; provided, no single improvement shall be undertaken which alone will exceed in cost fifty per centum of the value of the real property in such district as shown by the last county assessment; but in determining what shall be fifty per centum of the value of the real property in the district, interest upon money borrowed shall not be computed as part of the cost. Provided, further, an improvement may be made which does not exceed 100 per cent. of the assessed value determined as above if 75 per cent. of the property owners, in value, in said district petition therefor."

This statute did not contain an emergency clause, therefore did not go into effect until ninety days after the adjournment of the Legislature. The statute now in force regulating the method of procedure in annexing contiguous territory to an improvement district is the act of 1919 (General Acts 1919, p. 218), brought forward as § 5733,

Crawford & Moses' Digest. The statute reads as follows:

"Section 5733. When persons claiming to be a majority in value of the owners of real property in any territory contiguous to any improvement district organized in any city or town desire that said territory shall be annexed to such improvement district, they may present their petition in writing to the city or town council, describing the territory to be annexed, and the character of improvement desired. Thereupon the city or town council shall direct the clerk or recorder to publish for two weeks, in some newspaper issued and having a general circulation in the county where such city or town is situated, a notice calling upon the property owners to appear before said council on a day named, and show cause for or against such annexation. On the day named in said notice, the city or town council shall hear all persons who desire to be heard on the question whether a majority in value of the owners of real property in the territory sought to be annexed have signed such petition, and its findings shall have all the force and effect of a judgment, and shall be conclusive, unless, within thirty days thereafter, suit is brought in the chancery court to review it. The finding of the council shall be expressed in an ordinance in case it is in favor of the petitioners, and in that event the territory sought to be annexed shall become a part of the improvement district, and the improvements petitioned for shall be made by the commissioners. The commissioners shall make the assessment for said improvement on the territory annexed under the provision of this act on the same basis as if said territory was included in the original district. If petitioned for, the improvement in the territory annexed may be of different material or of a different method of construction from that in the original district."

It will be observed that the statute regulating annexation proceedings does not contain any express requirement that a limitation upon the cost of the additional

improvement must be specified by the property owners in their petition. The only express requirement is that "the character of the improvement desired" must be stated in the petition, and there is a requirement by necessary implication that the territory to be annexed must be specified. There is no requirement, however, in express language or by necessary implication that the petition must set forth a limitation upon the cost of the improvement. There is nothing in the Constitution of the State which fixes any limitation upon the cost of the improvement, except that the cost shall not exceed the benefits. Since the Legislature has not seen fit to enact a law containing any requirement for a specification of a limitation, we cannot read such a requirement into the statute. It does not follow, however, that the power to annex is unrestricted. While it is unnecessary for the petition for annexation to specify the limitation upon the cost, we interpret the statute itself to mean that the cost of the additional improvement shall be limited to the proportionate cost of the original improvement. This limitation is expressed in the statute itself, and need not be expressed in the petition of the property owners. The statute (Crawford & Moses' Digest, § 5733) provides that the assessments on the annexed territory shall be made "on the same basis as if said territory was included in the original district." This means that the proportionate cost shall be the same as in the original district, that is to say, the cost of the improvement shall be in the same proportion to the assessed valuation as the cost of the improvement in the original district is to the assessed valuation of the property in that district. Otherwise the assessments on the annexed territory would not be "on the same basis as if said territory was included in the original district."

We have decided in *White* v. *Loughborough,* 125 Ark. 57, *Bahlau* v. *Bloom,* 154 Ark. 349, and *Miller* v. *Seymour,* 156 Ark. 273, that the annexation of territory "is tantamount to the creation of a new district without the imposition of new burdens on the original district, or the assump-

tion of any burdens on the annexed territory for the cost of the original improvement." But we held in *Poe v. Street Improvement District,* 159 Ark. 569, that, under the annexation statute, *supra,* the additional territory and the proposed improvement are brought within the operation of the law the same as if the territory had originally been embraced in the district. In other words, our decisions in those cases were that under the annexation statute the additional territory is brought into the original district for the construction of the improvement and the levying of assessments, the same as if the territory had originally been a part of the district, but that, so far as imposing the burden of the expense of the improvement, the annexation is tantamount to the creation of a new district without the imposition of new burdens on the original district, or the assumption of any burdens on the annexed territory for the cost of the original improvement. We think that it follows from this interpretation of the statute in those decisions that the annexation of the territory comes within the restrictions specified in the original petition of the property owners in creating the district, and that it is unnecessary for a new specification to be made in the petition for the annexation. It becomes the duty of the commissioners under the law to ascertain the proportionate cost of the original improvement and to limit the cost of the new improvement to the same proportion—not exceeding the same proportion to the county assessment of the property in the annexed territory for the year next preceding the formation of the original district.

It is next contended that the annexation is controlled by the act of 1925, *supra,* and that the proportionate cost must be that of the combined improvement in its relation to the entire territory, both in the original district and the annexation. In the first place, we think that counsel are mistaken in the contention that the act of 1925, *supra,* has any bearing upon these proceedings. The statute has nothing to do with the question of annexation, but

merely changes the law as to the formation of an original district, and, as the original district in this instance had been formed under prior statutes, the new statute is without effect. The statute is not retroactive. The annexation statute, under our interpretation, places the limitation of cost the same as that in the original district, therefore the act of 1925 could have no bearing upon these proceedings. Nor do we agree with counsel as to the other contention that, in determining the proportionate cost, the combined cost of the entire improvement must be considered in its relation to the assessed value of the property in the entire territory, original and added. All that the annexation statute requires is that the new assessment of benefits on the added territory must be made on the same basis as the assessments in the original territory, and this is fully accomplished by limiting the cost of the new improvement in the same proportion to the assessed value of the new territory to be added, the same as the proportionate cost of the original improvement to the property in the original district. If we construe the statute to mean that in arriving at this proportion the cost of the combined improvement is to be considered, then the basis of assessment in the new district would not be the same as that in the old district because the assessments in the old district have already been made on a basis of the proportion of the cost of the original improvement to the assessed value of the property in the original district. It is shown in the present case, however, that the estimated cost of the additional improvement will not exceed fifty per centum of the assessed value of the territory to be annexed. Therefore, if the act of 1925, *supra,* had any application it would not affect the validity of the present proceedings.

Our conclusion is that the chancery court was correct in sustaining a demurrer, and the decree is affirmed.