CARNAHAN *v.* FAYETTEVILLE.

Opinion delivered November 14, 1927.

1. MUNICIPAL CORPORATIONS—DISCONNECTED IMPROVEMENTS.—The statute providing for sewer districts contemplates the organization of districts to construct the improvements which constitute a single project, so that wholly disconnected improvements cannot be joined in one district.

2. MUNICIPAL CORPORATIONS — COUNCIL'S DETERMINATION AS TO SINGLENESS OF PROJECT.—In the organization of sewer districts, the determination of the city council as to the singleness of the project, as well as its selection of property to be benefited thereby, is conclusive, except for fraud or demonstrable mistake.

3. MUNICIPAL CORPORATIONS—DETERMINATION AS TO SINGLENESS OF PROJECT.—The action of the city council in determining that the sewer improvement constituted a single project, and in selecting the property to be benefited, will not be disturbed in the absence of fraud or demonstrable mistake, notwithstanding the fact that two tracts of land separated by a 40-acre tract were included in the project.

4. MUNICIPAL CORPORATIONS—ASSESSMENT OF SEWER DISTRICT.—An assessment of benefits in an annex to a sewer district cannot be attacked as exceeding in proportion those authorized by law and levied in the original sewer district where the proceeding was begun after expiration of the time for questioning such attachment, since it amounts to collateral attack, which cannot be maintained, unless the assessment is void on the face of the proceedings.

Appeal from Washington Chancery Court; *Lee Seamster*, Chancellor; affirmed.

*W. I. Whitty,* for appellant.

*Geo. A. Hurst,* for appellee.

KIRBY, J. · This suit by the taxpayers, residents in the annex to the original sewer district to the city of

Fayetteville, challenges the validity of said annex, claiming it is, in effect, two separate improvements, because of the inclusion of two entirely separate and distinct tracts of land in one improvement and because of the excessive assessment of benefits in the annex, exceeding in proportion those authorized in the original sewer district. It is conceded that the district otherwise was duly organized and the assessment of benefits legally made.

It appears that the original Sewer District No. 1 of the city of Fayetteville included the entire area of the city at that time, and was organized in 1906, and the improvements had long since been completed before the organization of this annex. That the territory in the annex No. 1 to said sewer district includes two eighty-acre tracts of land adjoining the north line of the original sewer district, which have been divided into lots and blocks, both being within the city limits, but which tracts are separated by a forty-acre tract of land between them, also adjoining the north line of the sewer district, but outside the city limits.

The testimony shows that the improvement was constructed and completed before the institution of this suit, the sewer mains in the eastern tract being built down into and connecting with the main in the original district, the sewage being carried through the old district, through its mains, into the mains in the western tract of the annex and on into the septic tank constructed for the original district.

It is true our statutes contemplate the organization of districts to construct improvements which constitute single projects, and wholly disconnected improvements cannot be joined together in one district, as said in *Cooper v. Hogan*, 163 Ark. 312, 260 S. W. 25. It was also said there:

"However, this court laid down the rule, many years ago, that 'the action of a city council in including property in an improvement district is, except when attacked for fraud or demonstrable mistake, conclusive of the fact that such property is "adjoining the locality to be

affected" by the improvement, within the meaning of the Constitution'." *Little Rock* v. *Katzenstein*, 52 Ark. 107, 12 S. W. 198. "This rule necessarily implies that the determination of the city council as to the singleness and unity of the project, as well as the selection of the property to be benefited thereby, is conclusive, except for fraud or demonstrable mistake."

It cannot be said here that this improvement was more than a single project, nor that the property within either tract of the annexed territory was not benefited by such improvement, notwithstanding the fact that the two tracts of land were separated by the forty-acre tract between them. The purpose, evidently, in making an annex to the district was to benefit the said property by connecting it with the mains of the old district and furnishing a complete sewerage system to the entire property included, and the city council having determined the singleness and unity of the project, as also the selection of the property to be benefited thereby, its action is conclusive. *Cooper* v. *Hogan, supra,* and cases cited.

It is next urged that the district annex is invalid because the assessment of benefits in the territory annexed is illegal, exceeding in proportion those authorized by law and levied in the original sewer district.

In *Pledger* v. *Soltz,* 169 Ark. 1125, 278 S. W. 50, this court construed the statute relating to this question, saying:

"While it is unnecessary for the petition for annexation to specify the limitation upon the cost, we interpret the statute itself to mean that the cost of the additional improvement shall be limited to the proportionate cost of the original improvement. This limitation is expressed in the statute itself, and need not be expressed in the petition of the property owners. The statute (C. & M. Dig., § 5733) provides that the assessments on the annexed territory shall be made 'on the same basis as if said territory was included in the original district.' This means that the proportionate cost shall be the same as in the original district; that is to say, the cost of improvements

shall be in the same proportion to the assessed valuation as the cost of the improvement in the original district is to the assessed valuation of the property in that district. Otherwise the assessments on the annexed territory would not be 'on the same basis as if said territory was included in the original district'. * * * It becomes the duty of the commissioners, under the law, to ascertain the proportionate cost of the original improvement and to limit the cost of the new improvement to the same proportion, not exceeding the same proportion to the county assessment of the property in the annexed territory for the year next preceding the formation of the original district. * * All that the annexation statute requires is that the new assessment of benefits on the added territory must be made on the same basis as the assessments in the original territory, and this is fully accomplished by limiting the cost of the new improvement in the same proportion to the assessed value of the new territory to be added, the same as the proportionate cost of the original improvement to the property in the original district." * * *.

In *Little Rock* v. *Boullioun,* the latest expression of this court of the subject, it was said:

"This court decided in *Pledger* v. *Soltz,* 169 Ark. 1125, 278 S. W. 50, that the percentage of the cost of the added improvement must be the same as that of the original district, otherwise the assessments would not be on the same basis as required by the statute. Now, it is seen that this statute governing annexation, as interpreted by the court in the case just referred to, limits the maximum cost of the improvement, and of course that limit cannot be exceeded." *Little Rock* v. *Boullioun,* 171 Ark. 245, 284 S. W. 745.

This proceeding was begun long after the expiration of the time allowed by law for questioning the reasonableness and legality of the assessment of benefits, the maximum cost of the improvement considered, and amounts to a collateral attack upon such assessments, which cannot be maintained unless it is shown to be void

on the face of the proceedings, which has not been done. *Bd. of Imp.* v. *Pollard,* 98 Ark. 543, 136 S. W. 957; *Reitzammer* v. *Desha Road Imp. Dist.,* 139 Ark. 168, 213 S. W. 773; *Taylor* v. *Bd. of Commrs.,* 156 Ark. 226, 245 S. W. 491. The complainants not only waited until after the expiration of the time allowed by law for attacking the assessment of benefits directly, but for more than a year thereafter, and until after the sale of the bonds and the completion of the improvement, and, having done so, they are now without standing in a court of equity to attack its validity or to demand the relief prayed.

We find no prejudicial error in the record, and the judgment is affirmed.