## WHITE *v.* LOUGHBOROUGH.

### Opinion delivered July 3, 1916.

1. LOCAL IMPROVEMENT—ANNEXATION OF ADDITIONAL TERRITORY—CONSENT OF ORIGINAL PROPERTY OWNERS.—Additional burdens cannot be placed upon the owners of property in a local improvement district by the annexation of other property thereto, without their actual consent.

2. LOCAL IMPROVEMENT—ANNEXATION OF ADDITIONAL PROPERTY.—Where territory is added to a local improvement district, under Act No. 246 of 1909, p. 744, the assessors are without authority to change the assessments in the old district merely because other territory is added to the district; the statute only authorizes a readjustment of assessments in case of changes in the value of improvements on particular pieces of property, and the readjusted assessments are merely intended to conform to such changes.

3. LOCAL IMPROVEMENT—ADDITION OF NEW TERRITORY—CONSENT OF OWNERS IN ORIGINAL DISTRICT.—Where additional territory is annexed to a local improvement district under Act of 1909, p. 744, the assent of the property owners in the original district is not necessary, where no additional burden is placed upon them.

4. LOCAL IMPROVEMENT—AMOUNT OF ASSESSMENTS—ADDED TERRITORY. —Where territory is added to a local improvement district, the formation of the district will be upheld, where the assessed benefits do not exceed 20 per cent. of the total value of the property in the entire district.

5. LOCAL IMPROVEMENT—ANNEXATION OF TERRITORY—PRAYER.—Under Act No. 246 of 1909, p. 744, a prayer asking the annexation of certain territory to a local improvement district is valid, although it does not contain in express language a prayer that the costs of the improvement be assessed and charged upon the property within the annexed territory.

6. LOCAL IMPROVEMENT—ANNEXATION OF TERRITORY.—Act 246, p. 744, Acts of 1909, providing for extending territory in improvement districts in cities and towns, *held* to authorize the extension of the improvement *and the construction thereof* by the commissioners of the enlarged district, pursuant to the terms of the general statute.

Appeal from Pulaski Chancery Court; *Jno. E. Martineau*, Chancellor; affirmed.

*J. B. Webster*, for appellant.

1. To allow the assessment on the property in the annexed territory to stand, would be taxing property beyond the limit permitted by law. 109 Ark. 90; 86 *Id.* 21; 97 *Id.* 341; Kirby's Dig., § 5683.

2. The annexation is invalid; the petition did not pray that the cost be assessed and charged upon the annexed territory or the original district. Kirby's Dig., § 5667; Acts 1909, § 2; 115 Ark. 163.

3. The Act is in direct conflict with the constitution, in this, that there is no provision for receiving the assent of the property owners in the original district. Kirby's Dig., § 5665; Ant. 19, § 27; Const. 1874; 84 Ark. 390; 50 *Id.* 116; 115 Ark. 163; *Hamilton* v. *Board Imp.*, 123 Ark. 327.

*Rose, Hemingway, Cantrell, Loughborough & Miles*, for appellee.

1. Act 246, Acts 1909, has been strictly complied with. The statute is not void. 86 Ark. 1; 81 *Id.* 286.

2. The consent of a majority was primarily obtained. 115 Ark. 88; 55 *Id.* 614; 64 *Id.* 83; Kirby's Dig., § 4684; 46 Ark. 96.

McCulloch, C. J. Pursuant to the statute regulating the organization of improvement districts in cities and towns and proceedings thereunder, an improvement district was, on April 14, 1914, organized for the purpose of paving Spring Street between Markham and Tenth, in the city of Little Rock, and parts of certain intersecting streets, said district being known as "Paving District No. 222." The regularity and validity of that organization is unchallenged, either as to the original petition and ordinance creating the district, or the subsequent petition for the construction of the improvements and the assessment of benefits. However, after the district was completely organized and the assessments levied to pay for the improvement, a majority of property owners in certain contiguous territory filed a petition pursuant to the terms of the Act of 1909 (page 744), praying that the territory mentioned in the petition be annexed to the original district for the purpose of extending the improvements so as to embrace the paving of Spring Street from Tenth Street to Fourteenth, and parts of certain intersecting streets. The petition was granted and the ordinance was passed by the City Council annexing the territory described in the petition, and the property was duly assessed in accordance with the terms of the statute.

Appellant is a property owner in the annexed territory, and instituted this action in the chancery court of Pulaski County against appellants, who are the Commissioners of the District as originally formed, praying that the latter be restrained from attempting to enforce the collection of assessments against the property of appellant and others in the annexed territory.

The statute under which the annexation proceedings were inaugurated states in substance, that the council of a city or town may, upon a petition signed by a majority

in value of the owners of property in any territory adjoining any improvement district, pass an ordinance annexing the described territory to the district, and that wher that is done the property in the annexed territory may be assessed in proportion to all the other real estate in said district.    Section 4 of the statute, which relates to the assessment of benefits, reads as follows: "Sec. 4.    Immediately upon the passage of such ordinance, it shall be the duty of the council to appoint three assessors, who shall immediately proceed to assess the value of the real estate included in such territory without such improvements; the value of same with such improvements and to extend the betterment to such property by reason of said improvements, and to assess the same, according to its betterment, in proportion to all the other real estate in said district."    Section 5 of the Act provides for the filing of the assessment lists with the commissioners of the district and the publication of notice thereof so as to give the property owners an opportunity to be heard upon their objections to the assessments.    Section 6 reads as follows: "Sec. 6.    Whenever any territory shall have been annexed to any improvement district in the manner provided in this Act, it shall become a part of the said district and be subject to the same laws—special and general—as are provided for improvement districts in this State."

One of the grounds for the assault upon the validity of the annexation statute and the proceedings thereunder in this particular instance, is that the statute provides no means for obtaining the consent of the property owners of the old district.    Appellees answer by the assertion that the original petition signed by a majority in value of the property owners in the district constituted an assent on their part to any subsequent addition or extension which is authorized by existing laws.    The argument is, that the signing of the original petition was an assent in advance to any annexation that might thereafter be made upon the petition of a majority in value of the owners of property in the annexed territory.

(1)    We do not agree with the contention of either side.    If the effect of the annexation is to place an addi-

tional burden upon the owners of property in the old district, it cannot be done without their express consent, for the constitution makes the right to levy assessments for local improvements depend upon "the consent of a majority in value of the property holders owning property adjoining the locality to be affected." Art. XIX, Sec. 27.

(2) The argument of counsel for appellees is that, consent to the original improvement is an implied consent to the additional improvement and that is sufficient, but the provisions above quoted, as interpreted by this court, means actual or express consent of the property owners, and not an implied consent. *Craig* v. *Russell-ville Waterworks Imp. Dist.*, 84 Ark. 390; *Hamilton* v. *Board of Imp. Dist.*, (185 S. W. 440), 123 Ark. 327.

Answering the argument of appellant: We do not find that the annexation imposes any additional burden on the property owners in the district as originally organized and assented to by them, for when the statute is carefully analyzed, it will be found to relate only to burdens to be imposed upon the territory annexed. It says not a word about taxing or retaxing the property in the old district. It appears from the record in this case that the Board of Assessors assumed the power of readjusting the assessments on the property in the original district, but that they made no changes in those assessments, and therefore no infraction of the law was committed. But it is perfectly plain that the assessors had no authority to change the assessments in the old district merely because additional territory was added, as the statute only authorizes a readjustment of assessments in case of changes in the value of improvements on particular pieces of property, and the readjusted assessments are merely intended to conform to such changes.

(3) Section 4 of the annexation statute, which has been herein quoted, plainly authorizes only an assessment of the annexed property, and it is provided that it must be assessed "in proportion to all the other real estate in said district." So we are of the opinion that the statute is not open to the objection made by appellants, for as before stated, there is no additional burden placed upon

he owners of property in the old district, and their assent to the annexation is not required in order to conform to the provisions of the constitution which prohibits the levying of assessments without the consent of the property owners.

(4)    Another objection urged against the annexation in this particular instance is, that the costs of the extension of the improvement will exceed 20 per cent. of the value of the real property in the annexed territory, as shown by the last county assessment.    It appears from the agreed statement of facts that this is true, but that the cost as a whole, including the extension, does not exceed 20 per cent. of the value of the real property in the whole district as enlarged.    The statute provides that "no single improvement shall be undertaken which alone will exceed in cost twenty per centum of the value of the real property in such district as shown by the last county assessment."    Kirby's Digest, § 5683.    It is urged that the extension of the improvement must be treated as a "single improvement," within the meaning of the statute, and that it cannot be undertaken if it exceeds 20 per cent. of the assessed value of the real property in the annexed territory.    It will be observed that the annexation statute makes no reference whatever to the percentage of the assessed value of the property in the district, and places no limitation on the cost of the improvement.    The statute does declare, however, that when the territory shall have been annexed, "it shall become a part of said district and be subject to the same laws—special and general—as are provided for improvement districts in this State."    If the 20 per centum limitation prescribed in the original statute has application to annexed territory, as seems to be conceded by learned counsel for appellant, it must apply to the district as a whole, and not merely to the annexed portion, for the simple reason that according to the plain letter of the statute, the annexed property becomes a part of the said district, and as such, is subject to the same law.    So if we are to apply the 20 per centum limitation at all, it means that the whole improvement as extended over the annexed territory, shall not

exceed 20 per centum of the value of the property in the whole district, including the annexation.

It is argued that if we treat the improvement in the annexed territory as separate, to the extent that it must be paid for by assessments on the property in that territory, the 20 per cent. limitation must necessarily apply separately to the property that is to be annexed. The argument is not without force, but in considering the statute, as a whole, we are convinced that that is not the proper construction of it. The limitation upon the cost of the improvement is purely statutory, the constitution contains no limitation so far as the cost is concerned, except that we must read into the constitution, a limit of the cost to special benefits derived from the improvement. *Shibley* v. *Fort Smith & Van Buren District,* 96 Ark. 410. But the legislative authority is supreme within those limitations, and if it is seen fit by the lawmakers to permit an extension of the improvement in excess of a certain percentage of the assessed valuation of the property in the district, there is no constitutional objection to it being done.

Learned counsel for appellant erroneously assumes that the 20 per cent. limit applies to each separate piece of property, but such is not the construction we have given to the statute in that regard. *Kirst* v. *Street Imp. District,* 86 Ark. 1. This does not affect in the slightest degree the question of uniformity of assessments on property in the original district and in the annexed territory. If there be constitutional objection to the Legislature authorizing the assessment of property in annexed territory on a different basis from the property in the old territory, no such objection can be made to the statute now under consideration, for it expressly provides that assessments on the property in the annexed territory shall be "according to its betterment, in proportion to all the other real estate in said district." This preserves harmony in the assessment of the property in the new district with that in the old. The obvious intention was to make the assessments uniform, and the record does not

show that that rule of uniformity was departed from in the present instance.

(5) The only other charge against the validity of the proceedings is that the petition for the annexation does not contain in express language a prayer that the costs of the improvement be assessed and charged upon the property within the annexed territory. The statute does not prescribe any exact form for the petition, nor does it say the prayer shall be for the assessment of the costs on the property of the district. It merely reads that the council may pass the annexation ordinance when there is presented "a petition asking that it be so annexed." The prayer for the annexation of the territory is sufficient to invoke the aid of the council to the extent the law authorizes. Of course there must be a specification of the extension of the improvement, for that is necessarily implied inasmuch as the old statute authorizing the construction of the improvement provides that the nature of the improvement shall be specified, and the annexation statute makes the territory when annexed, subject to all the laws governing improvement districts. It is an instance of the Legislature declaring a right and referring to other existing laws for the remedy, which method of legislation does not offend against that provision of the constitution which declares that, "no law shall be revived, amended, or the provisions thereof extended or conferred by reference to its title only." *Watkins* v. *Eureka Springs*, 49 Ark. 131; *Common School District* v. *Oak Grove Special School District*, 102 Ark. 411.

(6) There is another point which suggests itself in consideration of the effect of the annexation statute, but which is not presented in the briefs of counsel, and that is, the statute does not in express terms authorize the extension of the improvement, it merely provides for the annexation of territory and the assessment of property in that territory. We are bound to construe the statute so as to give authority to extend the improvement if it is to have any effect at all, for it is not to be presumed that the Legislature meant to authorize owners of property in contiguous territory to become annexed to an improve-

ment district merely for the purpose of being taxed. It is very doubtful whether the statute would be valid unless it be construed to authorize the extension of the improvement so as to afford benefits to the annexed property. We must attach that much importance to the language of Section 6, for it obviously was intended to bring the annexed territory within the operation of the law so as to authorize the making of a new contract for the extension of the improvement and the assessment of the property to pay for it. The application of other statutes which are invoked in Section 6 give that power. We reach the conclusion, therefore, in interpreting the statute, that it was intended to authorize the extension of the improvement and the construction thereof by the Commissioners of the enlarged district pursuant to the terms of the general statute. The statute omits specifications of any means of keeping separate the costs of the extension, and the funds received from assessments levied on annexed territory, to pay for that extension; but we are not concerned with that in the present litigation, for the record contains no charge that the rights of any one are being violated in that respect. The separate identity of the parts of the enlarged district must be preserved to the extent, at least, that the annexed part may bear the burden of the additional expense.

Our conclusion upon the whole case is that the statute is valid and that the proceedings thereunder as reflected by the record in this case have been in conformity with it. The decree is therefore affirmed.

HART and KIRBY, JJ., dissent.