## BLACKBURN *v.* DUNLAP.

### Opinion delivered May 3, 1920.

1. MUNICIPAL CORPORATIONS—ANNEXATION OF TERRITORY TO IMPROVEMENT DISTRICT.—Under Acts 1909, page 744, authorizing the annexation of contiguous territory to improvement districts, contiguous territory may be annexed to an improvement district after completion of the improvement.

2. MUNICIPAL CORPORATIONS — IMPROVEMENT EXCEEDING STATUTORY LIMIT.—The cost of an improvement does not exceed the limit imposed by Kirby's Digest, § 5683, if, when spread over the entire property of the district including contiguous property annexed, it does not exceed the 20 per cent. of such property.

3. MUNICIPAL CORPORATIONS — N O T I C E OF ANNEXATION — SUFFICIENCY.—Notice that there had been filed with the town council a petition purporting to contain signatures of a majority in value of the land owners in territory sought to be annexed to an improvement district and stating the time for hearing, but without describing the boundary of the territory proposed to be annexed, is insufficient to support an order of annexation.

Appeal from Johnson Chancery Court; *Jordan Sellers,* Chancellor; reversed.

*George O. Patterson,* for appellant.

No authority existed in law for the annexation of contiguous territory to the improvement districts. The cost of the improvements will exceed 20 per cent. of the value of the property within the territory annexed, and the notices given to property owners were insufficient. Art. 19, § 27, Const.; Kirby & Castle's Digest, § 6925.

*Jesse Reynolds,* for appellee.

The proceedings were had under act No. 246, Acts 1909, §§ 1-2. The act was strictly followed and all acts were legal. 125 Ark. 57; Kirby & Castle's Digest, § 6847.

HUMPHRIES, J. This suit was instituted by appellant against appellees in the chancery court of Johnson County, to enjoin them, as commissioners of Waterworks Improvement District No. 3 and Sewer District No. 4, in the city of Clarksville, from building or constructing proposed improvements in certain territory in said city, annexed by ordinance of said city to each of said districts, and from levying or assessing a tax or benefit against the property of appellant situated in the annexed territory. The validity of the ordinance annexing certain territory in said city to each of said districts was attacked on the grounds, first, that no authority existed in the law for the annexation of contiguous territory to the improvement districts; second, that the cost of the proposed improvement will exceed twenty per cent. of the value of the property within the territory annexed; third, that the notices to the property owners, prerequisite to the passage of the ordinance were insufficient.

The grounds aforesaid, upon which the validity of the ordinance was attacked, were controverted by answer of appellees.

The cause was submitted upon the pleadings and an agreed statement of facts, upon which the issues of law and fact were found in favor of appellees, and appel-

lant's bill was dismissed. From the findings and decree an appeal has been duly prosecuted to this court.

The facts, in so far as necessary to a determination of the questions involved on the appeal, are as follows: Waterworks Improvement District No. 3 and Sewer Improvement District No. 4 in the city of Clarksville, were properly organized in the years 1912 and 1913, and were functioning in 1919, when petitions, containing a majority in value of the owners of real property sought to be annexed to said districts, were filed with the city council, asking that the territory therein described be annexed to said districts. Thereupon, the following notices were given by the recorder of the city to the property owners, by publication in the county papers for two weeks:

"NOTICE TO PROPERTY OWNERS.

"There has been filed with the town council of the incorporated town of Clarksville, Arkansas, a petition purporting to contain the signatures of a majority in value of the owners of real property situated in the annexation to Waterworks Improvement District No. 3, of the incorporated town of Clarksville, Arkansas, and a hearing on the same to determine whether those persons who have signed said petition constituted a majority in value of the owners of real property situated in said improvement district will be held by the town council of the incorporated town of Clarksville, Arkansas, at the city hall in said town on the 21st day of October, 1919, beginning at 8 o'clock p. m. of said day.

"J. G. Harmon, Recorder."

"NOTICE TO PROPERTY OWNERS.

"There has been filed with the town council of the incorporated town of Clarksville, Arkansas, a petition purporting to contain the signatures of the majority in value of the owners of real property situated in the annexation to Sewer Improvement District No. 4, of the incorporated town of Clarksville, Arkansas, and a hearing on the same, to determine whether those persons who have signed said petition could constitute a majority in value of the owners of real property situated in said improvement sewer dis-

trict will be held by the town council of the incorporated town of Clarksville, Arkansas, at the city hall in said town on the 21st day of October, 1919, beginning at 3 o'clock p. m. of said day.

"J. G. Harmon, Recorder."

At the next meeting, and pursuant to the notices, it was ascertained by the city council that a majority in value of the owners of the real property in the contiguous territory proposed to be annexed had signed the petitions; whereupon an ordinance was passed annexing the contiguous territory to the original improvement districts and appointing assessors to assess the value of the benefits to be received by each of the owners of real property in said annexed territory. The cost of the proposed improvement in the territory annexed to Waterworks Improvement District No. 3 is about 34 per cent. of the total value of the real estate located therein, according to the last assessment. The cost of the proposed improvement in the territory annexed to Sewer District No. 4 is about 21 per cent. of the total value of the real property located therein, according to the last assessment. The cost of the proposed improvement in the territory annexed to each district, together with the cost of the original improvement in each original district, exclusive of interest, does not exceed 20 per cent of the value of the property in each entire district.

The authority for annexing contiguous territory in cities to improvement districts is conferred by Act 246, Acts 1909, of the General Assembly. By section 1 of that act, authority was conferred on city councils in cities or towns to pass ordinances annexing contiguous territory in said cities or towns to improvement districts then existing or that might thereafter be created, when a majority in value of the owners of property in such territory petitioned to have it annexed. We see nothing in the section which limits the right of annexation to a period during the progress of construction or before the completion of the improvements in the original district. The fact that the contiguous territory might be annexed to

districts existing at the time of the passage of the act indicates that the intention of the Legislature was that additional territory in a city might be annexed after the completion of the improvements in the original district. We think one purpose in the authority conferred was to avoid the expense of duplicate and unnecessary plants, machinery and fixtures incident to special improvement districts. Our interpretation of the statute is that territory within a town or city, contiguous to an improvement district, may be annexed to it by ordinance, on proper petition and notice.

The next contention of the appellant, that the ordinance is void because each proposed improvement will exceed 20 per cent. of the value of the property within the territory to be annexed, is contrary to the construction placed upon the statute in question in the case of *White* v. *Loughborough*, 125 Ark. 57. It was said in that case, that, if the 20 per centum limitation provided for in section 5683 of Kirby's Digest had application to improvements in territory annexed to the old improvement district, it meant "the whole improvement as extended over the annexed territory shall not exceed 20 per centum of the value of the property in the whole district, including the annexation." Under the admitted facts in the instant case, the whole improvement in the original and annexed territory does not exceed 20 per centum exclusive of interest, of the value of the property in the whole district.

The last contention of appellant, to the effect that the ordinance is void for the want of sufficient notice to the property owners, is well taken. By inspection of the notices given to the property owners and set out in this opinion, it will be seen that they contained no description by metes and bounds, or otherwise, of the property proposed to be annexed to either improvement district. The purpose of the notice required by section 2 of said act was to advise property owners affected that a petition had been filed with the town or city council to annex their property to an improvement district, and that the

right to annex it would be considered at the next meeting of the council. Without a description by boundary, at least, of the territory proposed to be annexed, a property owner reading the notice could not, and would not, know that his property was affected. The notice given amounted to no notice at all. To uphold it as being sufficient would thwart the intention and purpose of the statute.

For the error indicated, the decree is reversed and the cause remanded with direction to the chancery court to enjoin appellees from proceeding with the construction of the improvements proposed and from levying or assessing a tax or benefit against the property of appellant located within the territory proposed to be annexed to either district.