BOARD OF IMPROVEMENT STREET IMPROVEMENT DISTRICT
No. 349 *v.* LITTLE ROCK.

Opinion delivered June 27, 1927.

1. MUNICIPAL CORPORATIONS — ANNEX TO IMPROVEMENT DISTRICT—
   MODE OF ASSESSMENT OF BENEFITS.—Crawford & Moses' Dig.,
   § 5733, providing for annexation of territory to a street improve-
   ment district and for assessment of benefits by the commis-
   sioners on the same basis, as if the territory were included in the
   original district, does not contemplate that the board of commis-
   sioners should make the assessment, but requires the commis-
   sioners to cause the property in the annexed district to be
   assessed by the same instrumentality, and in the same way that
   the property was assessed in the original district.

2. MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICT—APPOINTMENT
   OF ASSESSORS.—Where a city council appointed a new board of
   assessors to make assessment for street improvement in a dis-
   trict annexed to an original improvement district, it would be
   presumed that the council considered that the old board of
   assessors for the original district had finished its work, and
   ceased to exist, except for purpose of revising the assessment
   under Crawford & Moses' Dig., § 5664; there being no provision
   for retention of the old board of assessors for any other purpose.

3. MUNICIPAL CORPORATIONS — ANNEXATION DISTRICT— APPOINTMENT
   OF ASSESSORS.—Under Crawford & Moses' Dig., § 5657, providing
   that the board of improvement, after completing plans, shall report
   to the city council, which shall appoint a board of assessment, it
   is intended that, when plans for the annexation district are formed
   by the commissioners, the council shall have power to appoint a
   new board of assessors to make assessment for the annexation
   district, if the old board has finished its original assessment, and
   its action in the matter will not be reviewed.

4. MUNICIPAL CORPORATIONS—VALIDITY OF ASSESSMENT OF BENEFITS.—
   An assessment of benefits in an improvement district will be held
   to be valid and binding, in the absence of a showing that it was
   arbitrarily made, or was unequal, or confiscatory, or the like.

Appeal from Pulaski Chancery Court; *Frank H.
Dodge,* Chancellor; reversed.

STATEMENT BY THE COURT.

Board of commissioners of Street Improvement Dis-
trict No. 349 of the city of Little Rock, Arkansas, brought
this suit in equity against the city of Little Rock, Charles
E. Moyer, mayor, and the members of the city council,

to enjoin them from doing any act which might hinder
or delay the construction of the Marshall Street Annex
to said improvement district, and also to review the acts
of the Little Rock City Council in regard to its action
in appointing assessors to assess benefits in said Marshall
Street Annex and to compel it to approve the assessment
of benefits filed and caused to be filed by the board of
commissioners of said improvement district.

The facts, so far as they are material to the issues
raised by the appeal, may be briefly stated as follows:

Street Improvement District No. 349 was legally
organized for the purpose of improving certain streets in
the city of Little Rock. On May 28, 1923, upon applica-
tion of the commissioners of the district, the Little Rock
City Council appointed A. B. Davis, J. M. Murphy and J.
A. Peters as a board of assessors of the benefits for each
parcel of land within the district by reason of the pro-
posed local improvements. After the construction of the
original improvement was finished, the Marshall Street
Annex was created pursuant to the provisions of § 5733
of Crawford & Moses' Digest. The record shows that a
majority of the owners in value of the real property in the
territory contiguous to the original improvement district
signed a petition in writing to the city council to be
annexed to said District No. 349.

The validity of the organization of the Marshall
Street Annex was sustained by this court. *Little Rock* v.
*Boullion,* 171 Ark. 245, 284 S. W. 745; and *Board
of Comm. of St. Imp. Dist. No. 349* v. *Little Rock,* 172
Ark. 544, 289 S. W. 478. In neither of these appeals,
however, was the question presented by this appeal
considered or decided. After the validity of the
organization of the Marshall Street Annex had been
finally settled in this court, the city council appointed
J. A. Brooks, J. G. Goodwin and J. S. Laird
as a board of assessors to assess the benefits in said
Marshall Street Annex. After the assessment of benefits
filed by this board was rejected by the council and the
action of the council sustained upon the appeal in the case

last cited, upon the theory that no assessment had been made by said assessors as a board, J. A. Brooks and J. P. Goodwin resigned, and the city council appointed Sol. Alley and J. M. Wells in their stead. J. S. Laird refused to act with Alley and Wells in making an assessment of benefits for said Marshall Street Annex. Whereupon Alley and Wells, after due notice to Laird of their intention to make an assessment of benefits, proceeded in the matter and filed an assessment of benefits with the city council. The amount of said assessment of benefits was less than the estimated cost of the improvement, and the city council has taken no action on the same. The assessors of the original district made an assessment of benefits for the Marshall Street Annex and filed it with the city council of Little Rock. Their assessment of benefits showed that the estimated cost of the improvement was less than the total amount of the assessment of benefits. The board of commissioners of the original district also took the oath required by the statute for the board of assessors and signed a duplicate assessment of benefits, which is the same as that filed by the assessors of the original district. The city council heard protests against the assessment of benefits filed by the commissioners and the board of assessors of the original district, and found the assessment of benefits to be invalid because the board of assessors allowed the commissioners of the district to participate in making the assessment of benefits.

Upon the filing of the present suit in the chancery court, proof was made of the facts as above stated, and it was decreed by the chancery court that the appointment by the city council of Alley, Wells and Laird as a board of assessors for the Marshall Street Annex be vacated, and that the city council should recognize the board of assessors of the original district as a duly constituted board of assessors for the Marshall Street Annex. The chancellor was of the opinion that the assessment made by Davis, Murphy and Peters, composing the board of assessors of the original district, was void for the reason

522    Bd. of Imp. St. Imp. Dist. No. 349 *v.*    [174

Little Rock.

that the commissioners of the original district were allowed to participate in making said assessment.

From this decree the appellant has duly prosecuted an appeal to this court, and the appellees have been granted a cross-appeal.

*Melbourne M. Martin,* for appellant.

*Pat L. Robinson,* for appellee.

*Louis Rhoton,* for interveners.

HART, C. J., (after stating the facts). From our statement of facts it will be seen that the question to be determined upon this appeal is whether or not the board of assessors of District No. 349 was authorized to make the assessment of benefits for the Marshall Street Annex or whether the new board, composed of Alley, Wells and Laird, was authorized to make such assessment. The issue as to whether the assessment made by either of the boards is correct in amount is not raised by the appeal.

It is the contention of counsel for appellant that, under our statutes, the assessment of benefits for the Marshall Street Annex should either have been made by the board of assessors of the original district or by the commissioners thereof. We do not agree with counsel for appellant in his contention in either respect. While the precise question has not been passed upon by this court, the trend of our decisions bearing on the question is against the contention of the counsel for the appellant. The Legislature of 1909 passed an act providing that, whenever a majority in value of the owners of property adjoining any improvement district now existing or hereafter created in any city or town shall desire to be added to any such improvement district, it shall be lawful for the council of the city or town, upon a petition signed by a majority in value of the owners of the property in such territory proposed to be annexed, to pass an ordinance annexing the same. Acts of 1909, page 744.

This act was before this court for consideration in *White* v. *Loughborough,* 125 Ark. 57, 188 S. W. 10. The validity of the statute was attacked upon the ground that it did not provide for a hearing of the landowners upon

the assessment of benefits, and, for that reason, deprived them of their property without due process of law. The court said that the annexation act was an instance of the Legislature declaring a right and referring to other existing laws for the remedy, which method of legislation does not offend against that provision of the Constitution which declares that "no law shall be revived, amended, or the provisions thereof extended or conferred by reference to its title only."

The Legislature of 1919 again passed a statute providing for the annexation of territory to improvement districts in cities and towns. Gen. Acts of 1919, p. 218. This act is § 5733 of Crawford & Moses' Digest. It reads, in part as follows:

"The finding of the council shall be expressed in an ordinance, in case it is in favor of the petitioners, and in that event the territory sought to be annexed shall become a part of the improvement district, and the improvements petitioned for shall be made by the commissioners. The commissioners shall make the assessment for said improvement on the territory annexed under the provisions of this act on the same basis as if said territory was included in the original district."

This act came up for consideration before us in *Poe* v. *Street Improvement District No. 340,* 159 Ark. 569, 252 S. W. 616. It was there contended that the act was a reference statute and violative of the clause of the State Constitution just referred to. The reason for the constitutional provision in question was that a legislative act which purports only to insert certain words or to substitute one phrase for another is calculated to confuse and mislead. An act, however, which is complete in itself and by its language grants some power, is not in conflict with the constitutional provision, although it may refer to some other existing statute for the purpose of pointing out the procedure in executing the power. Hence it was said that the annexation act of 1919 was not violative of this provision of the Constitution because it referred to the act relating to the formation of original improvement

districts for the carrying out of the power conferred by the annexation act. It was pointed out that the annexation act was not a reference act, and, because of the fact that provision is made in the statute referred to for the landowners to have a hearing upon the assessment of benefits, the annexation act is not in violation of the State or Federal Constitution.

In the Poe case just referred to the court used this language:

"In other words, when the territory is annexed under the provisions of act No. 280 (5733 *supra*), then the improvements in the annexed territory are to be made by the commissioners of the district according to the provisions relating to municipal improvement districts as contained in §§ 5656-5701 of Crawford & Moses' Digest. These provisions meet all the objections enumerated in the complaint and urged by learned counsel for the appellant in their brief to the statute under review as not constituting due process. They afford ample protection to the property owners of the annexed territory."

Again, the court said:

"The appellant contends that, under the doctrine of these cases, the act under review is likewise void. But not so, because this act does make provision for the assessment of benefits in the annexed territory, under the same provisions of law as are applicable to the territory in the original district. The act contemplates that the commissioners, after the territory is annexed, shall cause the assessors of the district to make the assessment for the improvement of the territory annexed on the same basis as the original territory was assessed. This act does not have the effect of creating a new district, but only annexes territory to the original district and makes such territory, when so annexed, a part of the original district, and provides for the assessment of benefits in the annexed territory according to the provisions of the law applicable to the territory in the original district. Where such is the case, it cannot be said that no provision

is made for the assessment of benefits in the territory annexed. *McCord* v. *Welch,* 147 Ark. 363, 227 S. W. 765.

The language used by the court in the cases in construing both the annexation act of 1909 and that of 1919 shows that the court had in mind that the due process clause of the State or of the Federal Constitution was not violated because the annexation act intended that the assessment of benefits should be made under the provisions of the statute relating to the formation of original improvement districts, and that this statute affords the landowners ample opportunity to have a review of the assessment of benefits made by the board of assessors.

After due consideration of the whole matter, we are of the opinion that the language quoted above from § 5733 of the Digest does not mean that the board of commissioners of the original district must make the assessment of benefits for the annexation district. If the language quoted should be given this restricted and literal interpretation, it is evident that no provision would be afforded the landowners for review of the assessments. If it should be said that it was the intention of the lawmakers that the provision of the statute relating to the formation of improvement districts in the beginning should apply to the annexation of territory to the original district, then it would be more in conformity with their intention to say that the annexation statute intended to apply the whole of the act relating to the assessment of benefits for the original district to the annexation district. There is nothing in § 5733 from which it might be inferred that the framers of the statute intended that the commissioners should make the assessment, but they should be governed by the statute relating to the original formation of districts in so far as obtaining a review of the assessments of benefits for the landowners. We think it is more in accord with our previous decisions and with the intention of the lawmakers to hold that the language quoted from § 5733 means that the commissions shall cause the assessment of benefits for said annexation improvement to be made on the same basis as if said territory was

included in the original district. In other words, it meant that the commissioners of the district should cause the property in the annexation district to be assessed by the same instrumentality and in the same way that property was assessed in the original district. Under the statute relating to the formation of improvement districts, provision is made for revision of assessments by the board of assessors upon the requirement of the commissioners. Crawford & Moses' Digest, § 5664.

No provision of the statute, however, provides for the retention of the board of assessors in office for any other purpose. In the case at bar the city council appointed a new board of assessors to make the assessment for the Marshall Street Annex. It is presumed that they did this with the knowledge that the board of assessors for the original district had finished its work and was no longer in existence. Under § 5657 of Crawford & Moses' Digest, as soon as the board of improvement shall have formed its plan and shall have ascertained the cost of the improvement, it shall report the same to the city or town council, which shall appoint three electors of the city or town, who shall constitute a board of assessment of the benefits to be received by the land in the district. In like manner it is contemplated that, when plans for the annexation district are formed by the commissioners, the council would have power to appoint a new board of assessors to make an assessment for the annexation district if it should find that the old board had finished the original assessment, and its action in the matter will not be reviewed. The conclusive presumption is that it considered that the old board of assessors had performed its function and had ceased to exist, except for the purpose of revision under § 5664. Hence the city council had the authority to appoint a new board, and the assessment of benefits made by the new board would be valid and binding in the absence of a showing that it was arbitrarily made or was subject to review for inequality, or is confiscatory or the like.

Our conclusion of the whole matter is that the chancellor erred, under the facts presented by this record, in holding that the assessment of benefits made by Alley, Wells and Laird should be vacated. It follows therefore that the decree upon the cross-appeal must be reversed, and the case will be remanded with directions to dismiss the complaint for want of equity. It is so ordered.